RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE  3/3/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

EDWARD ORTIZ FLORES
a/k/a Miguel Suarez Flores          CIVIL ACTION NO. 1:09-1198

VERSUS                              JUDGE JAMES T. TRIMBLE, JR.
                                    MAGISTRATE JUDGE JAMES D. KIRK
THE GEO GROUP, INC., et al.

REPORT AND RECOMMENDATION

Plaintiff, Edward Ortiz Flores a/k/a Miguel Suarez Flores (Flores), filed a civil rights action pursuant to 20 U.S.C. §1343, 42 U.S.C. §§1981, 1983, 1985, 1986 and 1988 and the Fourth Fifth and Fourteenth Amendments of the United States Constitution on July 17, 2009 (R. 1). In the complaint, Flores alleges that he was sexually assaulted and abused by a prison guard while being held as a federal detainee of the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement (ICE) at the LaSalle Detention Facility in Jena, Louisiana. Named as defendants in this action are The GEO Group[1], Deputy Willie Garrison in his individual and official capacity, Warden David Doughty in his official capacity and John Does 1-10.

On December 27, 2010, The Geo Group and Warden Doughty

---

[1] Private-prison management corporations and their employees may be sued under §1983 because they are performing a governmental function traditionally reserved for the state. Rosborough v. Management & Traning Corp. 350 F.3d 459, 461 (5th Cir. 2003) (citing, Palm v. Marr, 174 F.Supp.2d 484, 487-88 (N.D. Tex. 2001); Kesler v. King, 29 F.Supp.2d 356, 370-71 (S.D. Tex.1998)).

(hereinafter "the defendants") filed a motion for partial summary judgment seeking the dismissal of the claims asserted against them (R. 27). Defendants contend plaintiffs have failed to set forth any evidence that they were deliberately indifferent to Flores' safety and that they cannot be held vicariously liable for Garrison's actions under §1983. Specifically noted is the lack of evidence indicating defendants knew of Garrison's propensity to sexually assault Flores and that the defendants were deliberately indifferent to Flores' constitutional rights. Further, defendants noted vicarious liability is not actionable under §1983.

In response, Flores filed a memorandum in opposition on December 22, 2010 (R. 38). In that opposition Flores first asserts that the sexual assault was a violation of his Due Process rights and that the defendants "should have known Willie Garrison was trouble" because he was reprimanded for inappropriate interaction with another detainee in 2009[2] and because Garrison admitted he was "arrested and jailed in a local jurisdiction other than the LaSalle Parish area." (Doc. 38, p. 6). Flores then contends the motion for summary judgment is premature as he just learned of video evidence of the 2009 incident as well as on the day Flores was sexually assaulted and an investigation into the

---

[2] Video footage taken at the LaSalle Detention Facility on December 1, 2008 showed Garrison engaging in "horseplay" with another detainee. This action constituted inappropriate interaction with a detainee; thus, a disciplinary hearing was held. Subsequent thereto, Garrison received a verbal reprimand.

2009 incident and review of the videotapes "may be sufficient to establish 'deliberate indifference'." (R. 38, p.7). Further, the deposition of the plaintiff "may also shed light on this matter, crucial for an informed determination of the merits of the Defendants' Motion for Partial Summary Judgment." (Id.).

On January 31, 2011, the undersigned issued a memorandum order in which it advised that to succeed in holding the defendants accountable for the constitutional violation of Deputy Willie Garrison, Flores must show that (1) the municipal employee violated his clearly established constitutional rights with subjective deliberate indifference and (2) the violation resulted from a municipal policy or custom adopted or maintained with objective deliberate indifference. I then found that a constitutional violation was committed by Deputy Willie Garrison but additional briefing and evidence was needed with respect to the issue of whether a policy or custom was adopted or maintained with objective deliberate indifference.

On March 1, 2011 Flores filed a supplemental memorandum in opposition with evidence and the defendants filed theirs on May 3, 2011.

The motion for summary judgement, opposition and supplemental opposition are currently before the undersigned for report and recommendation.

3

The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure was recently amended to provide "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] A dispute regarding a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Washbur v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007).

Additionally, Local Rule 56.2W provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

If the dispositive issue is one on which the nonmoving party

---

[3] Rule 56 was amended effective December 1, 2011. The comments to the amendment indicate the intent was "to improve the procedures for presenting and deciding summary-judgment motions and to make procedures more consistent with those already used in most courts. The standard for granting summary judgment remains unchanged."

4

will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See Celotex, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994); Austin v. Will-Burt Company, 361 F.3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Id.

## Law and Analysis

A person detained for deportation is considered to be the equivalent of a pretrial detainee and that pretrial detainee's constitutional claims are considered under the Due Process Clause rather than the Eighth Amendment. Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000), citing Ortega v. Rowe, 796 F.2d 765, 767

(5th Cir. 1986), cert. denied, 481 U.S. 1013, 107 S.Ct. 1887 (1987) (citing Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979)). Pretrial detainees possess a clearly established constitutional right to be free from punishment. See Bell v Wolfish, 441 U.S. 520, 534-37 (1979).

To determine the appropriate standard to apply in analyzing constitutional challenges by detainees, the court must first classify the challenge as a "conditions of confinement" or "episodic act or omission case". A condition of confinement case is a constitutional attack on general conditions, practices, rules or restrictions of pretrial confinement. In such cases we may assume, by the municipality's promulgation and maintenance of the complained of condition, that it intended to cause the alleged constitutional deprivation. However, if the complained-of harm is a particular act or omission of one or more officials, the action is characterized as an episodic act or omission case. Flores v. Cty. of Hardeman, 124 F.3d 736, 738 (5th Cir. 1997), quoting Hare v. City of Corinth, 74 F.3d 633, 644-45 (5th Cir. 1996). Also, Edwards, 209 F.3d at 778.

This case, like the Scott case, involves the sexual assault of a detainee by a prison official; thus, it is and will be evaluated as an "episodic act or omission" case. In an "episodic act or omission" case, the detainee generally complains first about a particular act of or omission by the actor and then points to a

6

policy, custom or rule (or lack thereof) of the municipality that permitted or caused the constitutional violation.

Though this case involves a private prison-management corporation, rather than a municipality, the test to determine liability for a private prison-management corporation under §1983 is more or less identical to the test employed to determine municipal or local government liability. See, Phillips v. Corrections Corp. of America, No. 02-766, 2006 WL 1308142 at * 3 (W.D.La. May 10, 2006); see also, Monell v. Dept. of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 237, 56 L.Ed .2d 611 (1978). In Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir.2003), the Fifth Circuit extended municipal corporate liability under §1983 to include private prison-management corporations and their employees. The court said, "[w]e agree with the Sixth Circuit and with those district courts that have found that private prison management corporations and their employees may be sued under §1983 by a prisoner who has suffered a constitutional injury." Id. In reaching its holding, the court concluded, "[c]learly, confinement of wrongdoers-though sometimes delegated to private entities is a fundamentally governmental function." Id. Thus, GEO Group shall be treated as a municipality.

As suggested in the memorandum order dated December 31, 2011 (Doc. 48), to succeed in holding Geo Group accountable for the constitutional violation of its employee, Deputy Willie Garrison,

7

Flores must show that (1) the municipal employee violated his clearly established constitutional rights with subjective deliberate indifference and (2) the violation resulted from a municipal policy or custom adopted or maintained with objective deliberate indifference. Flores, 124 F.3d at 738, quoting Scott v. Moore, 114 F.3d 51, 54 (5th Cir. 1997), and Farmer v. Brennan, 511 U.S. 825 (1994).

An official acts with subjective deliberate indifference when he "had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." Hare, 74 F.3d at 650. Though I found in the memorandum order that "there is no question that Garrison violated Flores' constitutional rights with subjective deliberate indifference as he pled guilty to knowingly engaging in a sexual act in violation of 18 U.S.C. §2243(b) on May 6, 2010", information has come before the court to indicate otherwise.

On February 15, 2011, Garrison filed his own motion for summary judgment and therein, he stated that the sexual act was not only consensual but was also Flores' idea. As pointed out by Garrison, consent is not an element of 18 U.S.C. §2243(b) so the guilty plea does not necessarily mean that Garrison violated Flores' constitutional rights. Further inquiry and evidence is needed in order to make that determination.

Because a genuine issue of material fact exists with respect

to whether Garrison violated Flores' established constitutional rights with subjective indifference, the court cannot address whether the violation resulted from a municipal policy or custom adopted or maintained with objective deliberate indifference.

Accordingly,

IT IS RECOMMENDED that the Warden's and Geo Group's motion for summary judgement (Doc. 27) be DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 3rd day of March, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE