RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5 / 13 / 11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EDWARD ORTIZ FLORES a/k/a MIGUEL SUAREZ FLORES, Plaintiff | CIVIL ACTION NO. 1:09-CV-01198 |
| VERSUS | |
| G E O GROUP, INC., et al., Defendants | JUDGE JAMES T. TRIMBLE MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Edward Ortiz Flores a/k/a Miguel Suarez Flores ("Flores") on July 17, 2009. The named defendants are G E O Group, Inc. ("GEO") (operator of the LaSalle Detention Facility ("LDF") in Jena, Louisiana), David Doughty (employed by GEO to serve as warden of LDF), and William Garrison (a correctional officer formerly employed by GEO to work at LDF). Flores, a citizen of Mexico detained by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"), contends that, while he was incarcerated in the LDF in 2009, he was sexually assaulted by Garrison. Flores further alleges that GEO has an unofficial policy of tolerating such behavior, Warden Doughty and GEO do not maintain a system to properly investigate such incidents of misconduct, and Warden Doughty and GEO do not properly train or supervise their officers (Doc. 1). For relief, Flores asks for monetary damages, costs, expenses, interest, and

attorney fees (Doc. 1).

Defendants answered the complaint and asked for a jury trial (Docs. 5, 11). Defendant Garrison filed a motion for summary judgment with an affidavit (Doc. 49). Flores filed an opposition to Garrison's motion with an affidavit (Docs. 54, 63).[1] Garrison also filed a motion to strike exhibits attached to Flores' opposition (Doc. 55), which was ruled on separately (Doc. 65). The motion for summary judgment is now before the court.

## Law and Analysis

### Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

---

[1] Garrison filed a motion to strike certain exhibits attached to plaintiff's opposition to Garrison's motion for summary judgment (Doc. 55), which Flores opposed (Doc. 64). In a separate order, the undersigned denied the motion to strike as moot, stating it was not necessary to consider the contested exhibits, so those exhibits (attached to Doc. 54) are not considered herein.

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material". A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such

allegations are insufficient, therefore, to defeat a motion for summary judgment. <u>Topalian v. Ehrman</u>, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82(1992).

<u>Sexual Abuse</u>

When the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs, e.g., food, clothing, shelter, medical care, and reasonable safety, it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause. The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him but from the limitation which it has imposed on his freedom to act on his own behalf. <u>Hare v. City of Corinth</u>, 74 F.3d 633, 639 (5th Cir. 1996), and cases cited therein. The basic concept underlying the Eighth Amendment is nothing less than the dignity of man. <u>Hope v. Pelzer</u>, 536 U.S. 730, 737-738, 122 S.Ct. 2508, 2514-2515 (2002), citing <u>Trop v. Dulles</u>, 356 U.S. 86, 100 (1958).

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Among unnecessary and wanton inflictions of pain are those that are totally without penological justification. In making this determination in the context of prison conditions, a court must

ascertain whether the officials involved acted with deliberate indifference to the inmates' health or safety. The existence of this subjective state of mind may be inferred from the fact that the risk of harm is obvious. Hope v. Pelzer, 536 U.S. 730, 737-738, 122 S.Ct. 2508, 2514-2515 (2002), and cases cited therein. No static test exists that measures whether conditions of confinement are cruel and unusual, for the Eighth Amendment draws its meaning from the evolving standards of decency that mark the progress of a maturing society. Talib v. Gilley, 138 F.3d 211, 213-14 (5th Cir. 1998).

Sexual assaults against inmates by prison guards without lasting physical injury may be actionable under the Eighth Amendment through Section 1983 as acts which are offensive to human dignity. Boyd v. Dill, 2011 WL 1304725, *4 (W.D.La. 2011), citing Copeland v. Nunan, 250 F.3d 743, *2 (5th Cir. 2001)(quoting Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000). Also, Boddie v. Schnieder, 105 F.3d 857 (2d Cir. 1997) ("sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment"). Sexual abuse violates contemporary standards of decency and can cause severe physical and psychological harm. See Boddie, 105 F.3d at 861.

Sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective element and a subjective

5

element. First, the sexual abuse or assault must be objectively, sufficiently serious; second, the prison officials involved must have acted with deliberate indifference, i.e., a sufficiently culpable state of mind. See Boddie, 105 F.3d at 861; Harper v. Showers, 174 F.3d 716, 719-720 (5th Cir.1999); Copeland, 250 F.3d 743, *2.

Not every malevolent touching gives rise to a federal cause of action. Copeland, 250 F.3d 743, *2. While violent sexual assaults involving more than de minimis force are actionable under the Eighth Amendment, isolated, unwanted touchings by prison employees, though despicable, do not involve a harm of federal constitutional proportions, though they may potentially be the basis of state tort actions. Severe or repetitive sexual abuse of an inmate by a prison officer can be objectively serious enough to constitute an Eighth Amendment violation. Boddie, 105 F.3d at 861 (allegations of a small number of incidents in which the inmate was verbally harassed, touched, and pressed against without his consent were not, individually, severe enough to be sufficient serious and were not cumulatively egregious in the harm they inflicted to state a Section 1983 claim), and cases cited therein. Also, Copeland, 250 F.3d 743, *2 (court concluded that prison official's touching of inmate's penis and anus on three occasions did not rise to level of constitutional violation).

Consensual sexual conduct, though it may violate municipal or

state policy, carries no constitutional implication. Stockman v. Lowndes Cty, MS, 2000 WL 33907696, *4 (N.D.Miss. 2000), citing Freitas v. Ault, 109 F.3d 1335, 1339 (8th Cir. 1997). Welcome and voluntary sexual interactions, no matter how inappropriate, cannot as a matter of law constitute pain as contemplated by the Eighth Amendment. Freitas v. Ault, 109 F.3d at 1339. Also, Petty v. Venus Correctional Unit, 2001 WL 360868, *2 (N.D.Tex. 2001), adopted at 2001 WL 492396 (N.D.Tex. 2001).

With his motion for summary judgment, Garrison submitted an affidavit stating Flores performed one act of consensual oral intercourse on Garrison, on March 27, 2009, at the instigation and solicitation of Flores (Doc. 49). Garrison contends that, since the sex was consensual, Flores' civil rights were not violated by Garrison.

Flores submitted an affidavit in Spanish, with an English translation,[2] stating that Garrison forced him to perform oral intercourse on him on three separate occasions and threatened him afterward, via sign language, with bodily harm if Flores told anyone about it (Doc. 63).

Clearly, there are genuine issues of material fact as to whether or not Garrison forced Flores to engage in oral sex, which preclude a summary judgment in favor of Garrison at this time.

---

[2] Apparently, Flores is now residing in Mexico, since his affidavit was taken in Tamaulipas, Mexico on March 25, 2011. See Doc. 63.

Therefore, Garrison's motion for summary judgment should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Garrison's motion for summary judgment (Doc. 49) be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE